UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD W. RIEGELHAUPT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 C 7606 |
| | ) | |
| ROBERT F. KENNEDY, JR.[1], Secretary of the U.S. Department of Health and Human Services, | ) ) ) | Judge Cummings |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RONALD W. RIEGELHAUPT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 C 10767 |
| | ) | |
| ROBERT F. KENNEDY, JR., Secretary of the U.S. Department of Health and Human Services, | ) ) ) | Judge Cummings |
| | ) | |
| Defendant. | ) | |

**STIPULATION OF SETTLEMENT AND DISMISSAL**

Plaintiff Ronald W. Riegelhaupt ("Riegelhaupt" or "Plaintiff"), by his attorney Aimee K. Lipkis, and defendant Robert F. Kennedy, Jr., Secretary of Health and Human Services ("HHS" or "Defendant"), by Andrew Boutros, United States Attorney for the Northern District of Illinois, stipulate and agree that related cases *Riegelhaupt v. Kennedy*, Nos. 24 C 7606 and 24 C 10767 (N.D. Ill.), filed by Riegelhaupt in the United States District Court in the Northern District of Illinois (the "Actions"), shall be resolved as follows through this Stipulation of Settlement and

---

[1] Robert F. Kennedy, Jr. is automatically substituted for Xavier Becerra in these Actions, pursuant to Fed. R. Civ. P. 25(d).

Dismissal (Agreement):

1.  Plaintiff Riegelhaupt (National Provider Identifier ("NPI") ▮▮▮▮▮▮▮/Employer Identification Number ("EIN") ▮▮▮▮▮▮▮) and Defendant HHS (collectively, the Parties) do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the alleged acts or omissions that gave rise to the above-captioned Actions under the terms and conditions set forth in this Agreement. The dates of service for the claims at issue in the above-captioned Actions are from June 29, 2018, to July 2, 2021.

2.  The Parties agree that this Agreement is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the Plaintiff, its agents or employees, or by Defendant, or Defendant's agents, servants, or employees, and each party specifically denies liability in this matter.

3.  This Agreement is entered into by the Parties for the purpose of compromising disputed claims, including an overpayment and interest recouped by HHS in the amount of $59,841.48, and avoiding the expenses and risks of further litigation.

4.  Plaintiff stipulates and agrees to accept Thirty-Five Thousand Dollars and Zero Cents ($35,000.00, or the "Settlement Amount"), in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action that it and its heirs, executors, successors in interest, administrators, or assigns may have or hereafter acquire against Defendant, or any of Defendant's present or former departments, agencies, agents, officials, or employees arising from or related to the alleged facts, events, and circumstances giving rise to these Actions, and any claims incident thereto. Plaintiff expressly releases and forever discharges Defendant, including its former or present departments, agencies, agents, officials, or employees, from any and all claims

2

and liability arising directly or indirectly from the alleged facts, events, and circumstances giving rise to these Actions and any claims incident thereto.

5. Plaintiff agrees to protect, indemnify, defend, and hold harmless Defendant, including its present or former departments, agencies, agents, officials, or employees, from any and all causes of action, claims, rights, or subrogated interests arising directly or indirectly from the alleged facts, events, and circumstances giving rise to these Actions, and any claims incident thereto, including any claims arising from the assignment of claims or liens upon the Settlement Amount.

6. Payment of the Settlement Amount shall be made to Plaintiff only after execution by the Parties and entry by the Court of this Agreement on each respective docket for the Actions. If not approved and entered by the Court, the Agreement shall be null and void, with no force and effect.

7. The Parties agree that these Actions shall be dismissed with prejudice and without interest, costs, expenses, disbursements, or fees to any party, except as outlined in this Agreement.

8. The Parties understand and agree that this Agreement contains the entire agreement between them and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties or their counsel that are not included herein shall be of any force or effect.

9. The Parties agree that within ten (10) calendar days after the Defendant's attorney of record receives both: (1) a copy of this Agreement signed by Plaintiff and Plaintiff's counsel; and (2) the entry of this Agreement on the district court's dockets for these Actions, Defendant's counsel will request that CMS send to Plaintiff through its Medicare Administrative Contractor (MAC), National Government Services, Inc. (NGS-J06B), the Settlement Amount sum of Thirty-

Five Thousand Dollars and Zero Cents ($35,000.00) in full satisfaction of the terms of the Agreement. Because Plaintiff is currently a Medicare provider, the Parties agree that CMS will direct its MAC, National Government Services, Inc. (NGS-J06B), to facilitate and refund the Settlement Amount through the regular procedures for refunding overpayments to Medicare providers and that such refund will be effectuated within sixty (60) calendar days after the Defendant's attorney of record has received: (1) a copy of this Agreement signed by Plaintiff and Plaintiff's counsel; and (2) the entry of this Agreement on the district court's respective dockets for these Actions and dismissal of the case by the district court for these Actions.

10. Any payment due to the Plaintiff under this Agreement shall be reduced, prior to payment, for any tax and non-tax debts that may be due and owing to any department, agency, or agent of the United States as defined by 26 U.S.C. § 63311(a), (h) and 31 U.S.C. § 3716(c) and in accordance with such provisions. Additionally, subject to the procedures set forth at 42 C.F.R. §§ 405.370-405.379, CMS may offset from any payment to the Plaintiff under the Agreement any outstanding Medicare debt owed by the Plaintiff. Nothing in this Agreement shall be construed to add to, or take away from, any other rights that the Plaintiff may have under law to challenge the validity of the liability associated with any debts offset pursuant to this Agreement. However, any such challenge, whether or not successful, shall not give rise to a claim for breach of this Agreement.

11. The Parties agree that this Agreement, including all the terms and conditions of this Agreement, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

12. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court

for the Northern District of Illinois. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

13. This Agreement may be signed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement. Facsimiles and/or PDFs of signatures (or electronic signatures) shall have the same force and effect as the original signatures and constitute acceptable, binding signatures for purposes of this Agreement.

WHEREAS, the Parties accept the terms, conditions, and requirements of this Agreement as of the dates written below.

Executed this __18th__ day of __December__, 20__25__

*Valerie R. Raedy*
_____
Valerie R. Raedy
Assistant United States Attorney for Defendant HHS

Executed this _____ day of _____, 20_____

_____
Ronald W. Riegelhaupt

Executed this _____ day of _____, 20_____

_____
Aimee K. Lipkis
Attorney for Plaintiff Riegelhaupt

5

for the Northern District of Illinois. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

13. This Agreement may be signed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement. Facsimiles and/or PDFs of signatures (or electronic signatures) shall have the same force and effect as the original signatures and constitute acceptable, binding signatures for purposes of this Agreement.

WHEREAS, the Parties accept the terms, conditions, and requirements of this Agreement as of the dates written below.

Executed this _____ day of _____, 20____

_____
Valerie R. Raedy
Assistant United States Attorney for Defendant HHS

Executed this _____ day of _____, 20____

_____
Ronald W. Riegelhaupt

Executed this 16th day of DECEMBER, 2025

_____
Aimee K. Lipkis
Attorney for Plaintiff Riegelhaupt

5

_____
Ronald W. Riegelhaupt

Executed this __18__ day of __Dec.__, 20_25_

_____
Aimee K. Lipkis
Attorney for Plaintiff Riegelhaupt
8